UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRADLEY SCOTT HINES,

        Plaintiff,

        v.                                      Case No. 24-cv-938-bhl

DEPUTY INSPECTOR ESSER, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Bradley Scott Hines, who is currently serving a state prison sentence at the Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This matter comes before the Court on Hines' motion for leave to proceed without prepayment of the filing fee and for screening of the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Hines requested leave to proceed without prepaying the full filing fee. A prisoner plaintiff proceeding without prepayment of the filing fee is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Hines filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and the Court assessed, and he has paid, an initial partial filing fee of $46.43. The Court will grant Hines' motion for leave to proceed without prepayment of the filing fee.

## SCREENING THE COMPLAINT

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim under the federal notice pleading system, Hines must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Hines need not plead every fact supporting his claims; he must only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 8 requires a pleading set forth a "short and plain" statement showing the pleader is entitled to relief. The rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Kadamovas v. Stevens,* 706 F.3d 843, 844 (7th Cir. 2013). "Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Id*.

The claims in a complaint must also relate to the same set of facts or the same defendants. Federal Rules of Civil Procedure 18 and 20 allow a plaintiff to join multiple defendants in a single

case only if he asserts at least one claim against each defendant that arises out of the same events or incidents; and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 18(a); Fed. R. Civ. P. 20(a)(2); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). While multiple claims against a single party are fine, plaintiff cannot bring *unrelated* claims against *different* defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Hines' complaint runs afoul of Rules 8, 18, and 20. His pleading consists of 26 single-spaced pages of unrelated grievances against 16 different defendants, ranging from the "Deputy Inspector," who is allegedly in charge of the Waukesha County Jail, to "HIG Capital LLC," which appears to be a global investment firm that allegedly owns Wellpath LLC. Dkt. No.1. Hines complains about the denial of medical care by doctors and nurses (both at the institution and at a local hospital); the conditions of his confinement, including over-crowding and the lack of showers, cleaning supplies, and hygiene materials by correctional officers and supervisory staff; the use of excessive force, including "mental and physical abuse," by other correctional officers; and due process violations in connection with inmate grievances he filed, as well as denial of his property, by other jail staff. *See id*. Upon careful scrutiny, Hines 26-page complaint appears to actually be three separate complaints that he drafted, which he later combined into the same document. *See id*. at 1-15, 16-21, & 22-25.

In order for this case to proceed, Hines will be required to file an amended complaint that complies with Rules 8, 18, & 20. The Court will enclose a blank prisoner amended complaint form and a guide for *pro se* prisoners that explains how to file a viable complaint that will allow the Court to screen it. Hines must use that blank prisoner amended complaint form to file his amended complaint. *See* Civil L. R. 9 (E.D. Wis.). If Hines believes he needs more space than is

3

Case 2:24-cv-00938-BHL  Filed 10/29/24  Page 3 of 6  Document 11

available on the blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The amended complaint should be no more than ten pages total. Hines does not need to include every detail giving rise to his claims. He need only provide enough facts from which the Court can reasonably infer that the defendants did what he alleges they did.

As Hines considers what facts and information to include in his amended complaint, he should remember three things. First, as noted above, he can join multiple defendants in a single case only if he asserts at least one claim against each defendant that arises out of the same events or incidents; and involves questions of law or fact that are common to all the defendants. This means that Hines likely cannot bring all of the claims he alludes to (i.e. denial of medical care, conditions of confinement, excessive force, and due process violations) in the same lawsuit. These claims belong in different lawsuits, for which he must pay separate filing fees. Second, Hines must allege specific facts against each individual defendant. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). Hines should explain what each individual said or did to violate his rights. *Id*. An individual simply "knowing" about a problem (because he told them about it) does not state a claim unless they said or did something to violate his rights. *Id*. And third, there is no supervisory liability under Section 1983. *Id*. This means that Hines does not have claims against individuals simply because they were the supervisor of another individual who violated his rights.

If Hines files an amended complaint, the Court will screen the amended complaint as required by 28 U.S.C. §1915A. If he does not file an amended complaint, the Court may dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Hines' motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** because it violates Fed. R. Civ. P. 8, 18, & 20. Hines may file an amended complaint that complies with the instructions in this order **within 30 days of this order**. If Hines files an amended complaint, the Court will screen the amended complaint as required by 28 U.S.C. §1915A. If he does not file an amended complaint, the Court may dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Hines a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Hines shall collect from his institution trust account the **$303.57** balance of the filing fee by collecting monthly payments from Hines' prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Hines is transferred to another institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Hines is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Hines is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on October 29, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge